|  |  |
|---|---|
| GREGORY SCOTT VAN HUSIEN,<br><br>             Plaintiff,<br><br>     v.<br><br>CHIEF OF STAFF, *et al.*,<br><br>             Defendants. | Case No.  2:23-cv-02815 DAD JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>ECF No. 3<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff has filed a second amended complaint, ECF No. 12, and a request to proceed *in forma pauperis*, ECF No. 3.[1]  However, after a review of plaintiff's filings in this district, it appears that plaintiff is a "Three-Striker" within the meaning of Title 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed *in forma pauperis*) "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

---

[1] Plaintiff has filed three complaints in two months.  The complaint filed on January 25, 2024, is the operative complaint, but the court will review the complaint filed December 4, 2023, to assess whether plaintiff was in imminent danger at the time of filing.

1

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Any dismissal for failure to state a claim, whether with or without prejudice, counts as a strike. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020).

The court takes judicial notice of the following cases constituting strikes: *Van Huisen v. DeSantis*, No. 2:23-cv-01758-WBS-KJN (E.D. Cal.) (dismissed for failure to state a claim); *Van Huisen v. Clinton Administration*, No. 2:23-cv-01596-DJC-KJN (E.D. Cal.) (dismissed for failure to state a claim); and *Van Husisen v. Joseph R. Biden*, No. 2:23-cv-00944-DJC-EFB (E.D. Cal.) (dismissed for failure to state a claim).

Despite being a "Three-Striker," a plaintiff may be afforded an opportunity to proceed *in forma pauperis* under § 1915(g) if he alleges that he was in imminent danger at the time he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). The plain language of the imminent danger clause in § 1915(g) indicates that imminent danger is to be assessed at the time of filing of the original complaint ("In no event shall a prisoner *bring a civil action . . .*" (emphasis added)). *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"); *Bradford v. Usher*, Case No. 1:17-cv-01128-DAD-SAB, 2019 WL 4316899, *4 (E.D. Cal. Sept. 12, 2019) ("[I]mminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action."). Under this approach, the conditions that existed at some earlier or later time are not relevant. *See Andrews II*, 493 F.3d at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger but did not affect § 1915(g) analysis).

Plaintiff has not alleged that he was in imminent danger at the time of filing.[2] ECF No. 1. The first six pages of the complaint list all of plaintiff's previous lawsuits. *Id.* at 1-6. The next set of pages are dedicated to plaintiff's allegations. *Id.* at 7-13. There, plaintiff's allegations are

---

[2] While courts look to the initial complaint to assess imminent danger, the undersigned additionally reviewed the operative complaint and finds that it too does not contain any notion that plaintiff was in imminent danger at the time of that filing.

difficult to understand, but as best as the undersigned can glean, plaintiff makes no allegations of imminent danger or harm. For the first claim, plaintiff list the violation as "8th Amendment, right to be free from cruel and unusual punishment, illicit cohabitation, usurpation, indispensable part mal-apportioned." *Id.* at 7. Plaintiff makes vague allegations that the defendants—President Joseph R. Biden, the Chief of Staff, and the Deputy Chief of Staff—are obligated by immoral contract to perform certain actions, like planting new crops. *Id.* The remaining allegations are nonsensical rhetoric, and none contain allegations of wrongdoing by any defendants. The second claim is couched as a Fourteenth Amendment claim, but several of plaintiff's statements are in Latin and again point to no obvious claims of wrongdoing. *Id.* at 9-10. The final claim appears to take issue with certain species and the accompanying valuation of such. *Id.* at 11-12.

Plaintiff next includes three affidavits, *id.* at 14-16, two orders from the Northern District of California, *id.* at 17-18, a notice from the Contra Costa County Superior Court, *id.* at 19-20, a printout from the Ninth Circuit that lists plaintiff's pending actions, *id.* at 21-22, and portions of complaints from the Northern District, *id.* at 23-27.

These allegations, taken as true, do not establish that plaintiff is in imminent danger of physical harm.

Accordingly, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 3, be DENIED and plaintiff be directed to tender the filing fee within thirty days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 4, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE